UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) 6:10-cr-14 |
| MOISES ARROYO-HIGUERA, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

## ORDER

Before the Court is Moises Arroyo-Higuera's motion to alter or amend judgment. ECF No. 33. In 2010, this Court sentenced Arroyo-Higuera to serve 71 months for reentering the United States after being deported. *See* ECF No. 25. Petitioner now seeks resentencing based on his cooperation and guilty plea early in the criminal process and the Department of Justice's nationwide implementation of the Fast-Track program in 2012. ECF No. 33 at 3.

As the Government's response correctly notes, the Court's authority "to modify an imprisonment sentence is narrowly limited by statute." *United States v. Phillips*, 597 F.3d 1190, 1194-95 (11th Cir. 2010). None of 18 U.S.C. § 3582(c)'s provisions apply here[1] and the fourteen day time period to correct "arithmetical, technical, or other clear error[s]" has passed. Fed. R. Crim. P. 35(a).

Arroyo-Higuera's only avenue for the relief he seeks is a petition for habeas corpus under 28 U.S.C. § 2255. If Arroyo-Higuera wishes to trod that path, he must affirmatively choose to do so because this Court will not construe the present motion as a § 2255 petition in light of

---

[1] 18 U.S.C. § 3582(c) allows sentencing courts to modify terms of imprisonment if the Bureau of Prisons files a motion asking for a reduction due to age and circumstances; if the government files a Federal Rule of Criminal Procedure 35 motion; or if the prisoner's advisory sentencing guidelines range has been lowered by retroactive amendment.

*Castro v. United States*, 540 U.S. 375, 383 (2003) (requiring courts to give pro se litigants notice of their intent to recharacterize a pleading as a 2255 petition in light of the restrictions on second or successive habeas petitions). Arroyo-Higuera should, however, be aware of the time limits on such petitions in deciding whether to file. *See* 28 U.S.C. § 2255(f)(1) (setting a one year time limit on filing, running from the day a prisoner's conviction becomes final).

The 2_9 day of August, 2013

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA